United States District Court
For the Northern District of California

1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEN WALTERS and JOHN BONILLA, in their respective capacities as Trustees of the OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE PENSION TRUST FUND FOR OPERATING ENGINEERS; BOARD OF TRUSTEES OF THE PENSIONED OPERATING ENGINEERS HEALTH AND WELFARE FUND; BOARD OF TRUSTEES OF THE OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS PRE-APPRENTICESHIP, APPRENTICE AND JOURNEYMEN AFFIRMATIVE ACTION TRAINING FUND; BOARD OF TRUSTEES OF THE OPERATING ENGINEERS VACATION AND HOLIDAY PLAN,<br><br>        Plaintiffs,<br>   v.<br><br>DIAMOND OAKS CONSTRUCTION COMPANY, INC., A California Corporation,<br><br>        Defendant. | NO. C 04-04993 FMS<br><br>**ORDER TO SHOW CAUSE** |

Plaintiffs Ken Walters and John Bonilla, in their position as trustees for several Trusts, have sued defendant Diamond Oaks for breach of contract, and have requested a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). A default was entered against Defendant on April 19, 2005. In addition to claiming missed fringe benefit contributions of

$13,431.60, Plaintiffs also claim liquidated damages and interest of $26,157.73 for the period of December 2000 through 2004.  Further, Plaintiffs also request the Court to: 1) issue an order directing Defendant to submit to an audit; 2) require Defendant to pay all amounts due pursuant to the audit; 3) require Defendant to pay all reasonable attorneys fees and costs; 4) injunctive relief requiring Defendant to comply with the monthly contributions; 5) an accounting between Plaintiffs and Defendant and 6) any other relief that may be appropriate.  Hearing on this motion is scheduled for June 23, 2005 at 2:00 pm.

Based on the complaint and the motion for default judgment and supporting affidavits, Plaintiffs' motion is insufficient to support both the damages award and the equitable relief it seeks.

## II.  BACKGROUND

Plaintiffs claim that Defendant was a member of the Engineering Utility Contract Association (EUCA) and, thus, required to comply with the terms and conditions of the Operating Engineers Local Union No. 3 master Agreement for Northern California, which it allegedly did not do.  The Master Contract was submitted with the Complaint as Exhibit A.

## III.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b)(2), a party may apply to the court to enter judgment after default is entered.  If necessary, however, the court may conduct a hearing in order to investigate the matters before it, or to determine the amount of damages due, if any. *Id.*  Whether or not damages are awarded is discretionary. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Thus, before a court enters judgment, it may review the following factors:

> 1) the possibility of prejudice to the plaintiff, 2) the
> merits of plaintiffs substantive claim, 3) the
> sufficiency of the complaint, 4) the sum of money at
> stake in the action, 5) the possibility of a dispute
> concerning material facts, 6) whether the default was

due to excusable neglect, and 7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

## IV.  ANALYSIS

The complaint, motion and supporting affidavits fail to adequately support Plaintiffs' request for judgment.  Specifically, Plaintiffs' papers are deficient in the following areas:

1) There is no evidence demonstrating that Defendant was a member of the EUCA, and entered into a contract with the Operating Engineers Local Union.

2) There is no explanation of the contractual basis for the alleged unpaid contributions of $13,431.60 and how this amount was calculated.

3) There is no explanation of the contractual basis for the liquidated damages, and why Plaintiffs are entitled to both liquidated and compensatory damages.

4) Plaintiffs do not explain why a full audit of Defendant's records should not be completed before moving for default judgment.

5) Plaintiffs fail to explain why the equitable relief of injunction and accounting are necessary, what irreparable harm is at stake, and why money damages are insufficient.

6) Plaintiffs fail to show why the suit is not barred by the statute of limitations.

//
//
//
//
//

3

## V. CONCLUSION

Plaintiffs are hereby ordered to submit to the Court, within ten (10) days of this order, evidence demonstrating why the motion for default judgment should not be denied. If Plaintiffs fail to respond within the 10 day period, the motion will be denied and the June 23, 2005 hearing will be vacated.

**IT IS SO ORDERED**

Dated: June 10, 2005

/s/
FERN M. SMITH
United States District Judge