United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEN WALTERS and JOHN BONILLA, in their respective capacities as Trustees of the OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE PENSION TRUST FUND FOR OPERATING ENGINEERS; BOARD OF TRUSTEES OF THE PENSIONED OPERATING ENGINEERS HEALTH AND WELFARE FUND; BOARD OF TRUSTEES OF THE OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS PRE-APPRENTICESHIP, APPRENTICE AND JOURNEYMEN AFFIRMATIVE ACTION TRAINING FUND; BOARD OF TRUSTEES OF THE OPERATING ENGINEERS VACATION AND HOLIDAY PLAN,<br><br>    Plaintiffs,<br>v.<br><br>DIAMOND OAKS CONSTRUCTION COMPANY, INC., A California Corporation,<br><br>    Defendant. | NO. C 04-04993 FMS<br><br>**ORDER** |

Pursuant to the Court's Order to Show Cause dated June 10, 2005, Plaintiffs have submitted a Response addressing the Court's questions posed in its June 10th Order.

Although Plaintiffs have adequately addressed the majority of questions, there is at least one outstanding issue. Plaintiffs should therefore be prepared to address the following issue,

with supporting evidence, at the June 23rd hearing.

Plaintiffs have asserted that the defendant has failed to pay contributions of $13,431.60 between December 2000 and August 2004.  Complaint at 3.  The amount of contribution is assessed in terms of "each hour worked by employees performing work covered by the Master Agreement."  Plaintiffs' Response to Order to Show Cause at 3.  To support its request, Plaintiffs have submitted Exhibit B to Wayne McBride's declaration.  This exhibit, however, is a conclusory record that lists only the total amounts that the plaintiffs claim they are owed.

Plaintiffs acknowledge that the contributions calculated were based on the participants' hours of work, reported to the plaintiffs by the defendant.  According to the Plaintiff's Response, Diamond Oaks submitted a report listing the participants' hours every month, presumably including the months of December 2000 through August 2004.  Plaintiffs' Response to Order to Show Cause at 4.

As discussed in the Court's Order to Show Cause, whether or not damages are awarded is discretionary.  Thus, before an award will be issued, the plaintiffs must demonstrate that the amount of $13,431.60 is appropriately based on the hours the participants worked.  Plaintiffs can best demonstrate this by submitting the reports completed by the defendant, reviewing the participants' monthly hours, and explaining how the calculation was completed based on the hours reported by Diamond Oaks.  Thus, plaintiffs should be prepared to submit such evidence at the June 23rd, 2005 hearing.

**IT IS SO ORDERED**

Dated: June 20, 2005 　　　　　　　　　　　　　　　　　　　　 /s/
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　FERN M. SMITH
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge